# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-72
Filed: January 8, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| APRIL POLITE, on behalf of her child, LKT, | * * * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * * | |
| v. | * | Dismissal decision; Order to Show |
| | * | Cause; Failure to Prosecute; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Insufficient Proof. |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Danielle A. Strait, Malio, Christopher, and Toale, PA, Washington, DC, for Petitioner.
Lindsay Corliss, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On January 29, 2013, April Polite ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"), on behalf of her minor child, LKT. Petitioner alleged that her child suffered from a cerebrovascular infarct and that this injury had been caused by the Prevnar, Rotateq, Pentacel, and Hepatitis B vaccines LKT received on May 24, 2010. Petition ("Pet") at 1. The information in the record, however, does not show entitlement to an award under the Program.

**I.   Procedural History**

The petition was filed on January 29, 2013, and was initially assigned to Special Master

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

Hastings.  On April 19, 2013, the case was reassigned to the undersigned Special Master.  Petitioner's counsel filed a Statement of Completion on July 30, 2013.

On November 19, 2013, a status conference was held to discuss the progression of the case.  During the status conference, the parties agreed that updated medical documentation was necessary and that informal resolution was not feasible.  Order, ECF No. 26.  Accordingly, the undersigned set up an expert report filing schedule.  Id.  Petitioner subsequently filed four motions for extension of time to file her expert report.[2]  As of July 1, 2014, over seven months later, an expert report had not been filed.

Following the filing of the fourth Motion for Extension of Time, the undersigned held a status conference on July 1, 2014.  At the status conference, Petitioner's counsel indicated that she had been unable to contact her client since April 2014.  Order, ECF No. 31.  The undersigned issued a Show Cause Order according to which Petitioner was directed to inform the court, by no later than September 19, 2014, how she wished to proceed.  Id.  In the event that Petitioner wished to proceed, she was directed to "indicate the good-faith efforts made to secure an expert report, as multiple extensions of time ha[d] been requested and granted."  Id.

On September 19, 2014, Petitioner's counsel filed a Status Report in Response to Order to Show Cause.  Status Report, ECF No. 32.  Petitioner's counsel again indicated that she had been unable to communicate with her client.  Id.  She had attempted to mail, e-mail, and call her client, but her client had not responded to any form of communication.  Id.  After Petitioner's counsel mailed Petitioner the Order to Show Cause and it was returned undelivered, "counsel ha[d] not been able to reach Petitioner [and] … Petitioner [had not] contacted undersigned counsel in response to these proceedings."  Id.

## II.  Analysis

### (1) Failure to Prosecute

When a petitioner fails to comply with Court orders to prosecute his case, the Court may dismiss the case.  Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993); see also Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of cases for failure of party to respond to discovery requests).  Petitioner's failure to communicate with her attorney evidences her disinterest in pursuing this claim.  Thus, the undersigned finds it appropriate to dismiss this case for failure to prosecute.

---

[2] The Motions were filed on 01/28/2014, 03/28/2014, 04/03/2014, and 06/16/2014.  Motions ECF Nos. 27, 28, 29, 30.  The first three Motions were granted, but a status conference was held following the filing of the fourth Motion.

### (2) Causation In Fact

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not reveal any evidence that LKT suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that LKT's injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Therefore, the only alternative remains to DENY this petition. **This case is dismissed for failure to prosecute and alternatively for insufficient proof of causation. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master